IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELSON NASCIMENTO GUERREIRO                                             PLAINTIFF

V.                              NO. 10-5250

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kelson Nascimento Guerreiro, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his current application for DIB on March 7, 2008, alleging an inability to work since November 1, 2007, due to "Broken left ankle, respiratory problem, numbness in hands, Carpal Tunnel, Shoulder pain." (Tr.106-07, 136). An administrative hearing was held on October 7, 2009, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr. 22-52).

By written decision dated November 19, 2009, the ALJ found that Plaintiff had an

impairment or combination of impairments that were severe - status post broken left ankle; asthma; carpal tunnel syndrome; and obesity.  (Tr. 60).  However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 62).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently, sit for about six hours during an eight-hour workday and stand and walk at least two hours during an eight-hour workday.  The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl.  The claimant cannot climb ladders, ropes or scaffolds.  The claimant can frequently handle and finger.  The claimant can perform occasional rapid and repetitive flexion and extension of his wrists. The claimant is to avoid concentrated exposure to dusts , fumes, gases, odors and poor ventilation.

(Tr. 62-63).  With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform any past relevant work, but that there were other jobs Plaintiff could perform, such as driver, assembly worker, and charge account clerk.  (Tr. 66).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 27, 2010.  (Tr. 1-3).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 8, 9).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.  Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

On September 11, 2009, approximately two months prior to the ALJ's decision, Dr. Kay Morgan, from the Boston Mountain Rural Health Center, who had treated Plaintiff since 2003, wrote a letter "To Whom It May Concern." (Tr. 267, 327). In the letter, Dr. Morgan states that Plaintiff had a history of having had an ankle surgery in 2006, with complications, which caused

him to have pain ever since, and that he had required pain medication. She stated that Plaintiff was also involved in a motor vehicle accident in March 2009, suffered a severe back strain, and had been having muscle spasms since that time, in spite of having gone through physical therapy, which had resulted in his inability to lift or care for his child. She further noted that Plaintiff's "current medications include naproxen and tramadol for pain, fluoxetine for depression and anxiety, lisinopril and Dyazide for hypertension, and Asmanex and ProAir for asthma." She concluded: "I believe his combined medical problems would certainly make it difficult for him to maintain regular employment." (Tr. 267, 327). It is noteworthy that although it appears the ALJ had this letter before him prior to his decision, no discussion of the letter was included in his decision.

Subsequent to the ALJ's decision, on December 30, 2009, Dr. Morgan completed a "Physical RFC Questionnaire" wherein she only completed part of the form, stating that the questions dealing with the patient's functional limitations in a competitive work situation and any other limitations "should be addressed by physical therapist or occupational medicine specialist." (Tr. 323). In this form, Dr. Morgan diagnosed Plaintiff with: osteoarthritis; left ankle surgery; hypertension; asthma; obesity; chronic back pain; and sleep apnea. (Tr. 322). She also opined that Plaintiff's impairments were frequently severe enough to interfere with attention and concentration needed to perform even simple work tasks. (Tr. 323).

On October 27, 2010, the Appeals Council ordered the letter from Dr. Morgan and the RFC Questionnaire to be made a part of the record.[1] (Tr. 4). When the Appeals Council has

---

[1] As stated above, it appears the ALJ had the September 11, 2009 letter from Dr. Morgan before him, as it was contained in a set of medical records submitted to the ALJ by the Plaintiff's attorney on October 14, 2009. (Tr. 266).

considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).

With respect to the September 11, 2009 letter, since the ALJ did not discuss the September 2009 letter in his decision, the Court can only speculate that the ALJ did not consider it. With respect to the incomplete RFC Questionnaire, had the ALJ had it before him and considered Dr. Morgan's September 11, 2009 letter in conjunction with it, he would no doubt have submitted interrogatories to Dr. Morgan in order for her to elaborate on Plaintiff's functional limitations, or at least requested another examining or treating physician to complete a Physical RFC Assessment. The ALJ may also have seen the need to obtain a Mental RFC Assessment, based upon Dr. Morgan's opinion in the questionnaire that Plaintiff's impairments were frequently severe enough to interfere with attention and concentration needed to perform even simple work tasks. Therefore, the outcome might have been different

The Court believes that remand is necessary to allow the ALJ to consider the RFC assessment and letter of September 11, 2009, to submit interrogatories to Dr. Morgan or require her to complete a Physical RFC Assessment, or obtain a Physical RFC Assessment from an examining or treating physician, and to consider obtaining a Mental RFC Assessment from an examining physician.

IV. **Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of February, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE